1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   BRICE TABBUTT,                              Case No.:  18cv0751 H (KSC)
12                              Petitioner,
13   v.                                          **ORDER: (1) DENYING MOTION TO**
                                                 **PROCEED IN FORMA PAUPERIS;**
14   SALLY BRUNER, et al.,                       **and (2) DISMISSING CASE**
                                                 **WITHOUT PREJUDICE AND WITH**
15                              Respondents.     **LEAVE TO AMEND**
16

17        Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

18   Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915(a).

20   **A.  In Custody Requirement**

21        Upon review of the documents filed in this case, it appears that Petitioner is not in

22   the custody of the State of California, nor was he when he filed the Petition because it lists

23   Petitioner's address as "3419 Utah St., San Diego, CA 92104."   Furthermore, Petitioner

24   does not allege he was on parole or otherwise in constructive custody.

25        "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C.

26   § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'"

27   *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3).  It is a

28   jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner

1

be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he was not in the custody of the State of California when he filed his § 2254 Petition in this Court.

**B. Motion to Proceed in Forma Pauperis**

If, however, Petitioner is in actual or constructive custody, the request to proceed in forma pauperis must be **DENIED** because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

**C. Failure to State a Cognizable Federal Claim**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

///

///

2

18cv0751 H (KSC)

is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner makes various claims that are difficult to decipher. He asks to "repair, transfer, repeal, replace all entitlements on behalf of 45th Trump's Ryan's Browns Tea Party, A-Teams, D.O.D. (U.S. master beneficiary and handyman) F.B.I. for laws and equity!" (Pet. at 4.) He also asks "to protect all legal citizen C.E.Os and to please grant me relief. A job/work with mental gifted for this transition, wills, trusts, estates, shared to make ours #1 economy to by Ambassador." (*Id.* at 5.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies by giving a state the opportunity to correct violations of the federal constitution. 28 U.S.C. § 2254(b), (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

**D. Failure to Name a Proper Respondent**

Review of the also Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll.

4

§ 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See Ortiz-Sandoval*, 81 F.3d at 894.

"In challenges to present physical confinement, . . . the immediate custodian . . . is the proper respondent."  *Padilla*, 542 U.S. at 439.  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Ortiz-Sandoval*, 81 F.3d at 894.  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has named "Sally Bruner and A.J. Tabbutt" as Respondents.  If Petitioner is in actual or constructive custody, Petitioner must name either the warden in charge of the state correctional facility in which Petitioner is presently confined, his parole officer, or the Director of the California Department of Corrections.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); *Ortiz-Sandoval*, 81 F.3d at 894.  If he is on probation, he must name the individual in charge of the probation authority which administers his probation.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the Petition without prejudice and with leave to amend due to Petitioner's failure to name a proper respondent.  To have this case reopened, Petitioner must, no later than June 25, 2018: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; and (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order.  ***The Clerk of Court will mail Petitioner a***

*blank motion to proceed in forma pauperis form and a blank First Amended Petition*

*form together with a copy of this Order.*

      **IT IS SO ORDERED.**

DATED: <u>April 23, 2018</u>

Marilyn L. Huff
United States District Court

18cv0751 H (KSC)